JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| ROBERT L. NASH,<br><br>    Petitioner,<br><br>  v.<br><br>UNITED PARCEL SERVICE, INC., TEAMSTERS, LOCAL TEAMSTERS 396,<br><br>    Respondents. | Case No.  CV 12-00246-R (JCGx)<br><br>**ORDER GRANTING MOTIONS TO DISMISS BY RESPONDENTS UNITED PARCEL SERVICE, INC. AND TEAMSTERS LOCAL UNION NO. 396**<br><br>Date:     March 5, 2012<br>Time:     10: 00 a.m.<br><br>District Judge:  Hon. Manuel L. Real<br>Courtroom:       8<br><br>Petition Filed:  December 15, 2011<br><br>Trial Date:  Not Set |

The Motions of Respondents UNITED PARCEL SERVICE, INC. ("UPS") and TEAMSTERS LOCAL 396 (the "Union") (collectively "Respondents") to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6) came on regularly for hearing on March 5, 2012 at 10:00 a.m.  Appearances were made by Daniel C. Gunning, counsel for Respondent UPS, Elizabeth Rosenfeld, counsel for Respondent Union, and Robert L. Nash, Petitioner in *pro per*.

Upon full consideration of all the papers and evidence submitted, and argument of counsel, the Court GRANTS the motions to dismiss.

## I. Background

On December 15, 2011, Petitioner filed a Petition to Vacate Arbitration Award and Motion to Vacate in Los Angeles County Superior Court. On January 10, 2012, the Union timely filed a Notice of Removal, in which UPS joined. [Dkt. 1, 3.] On January 17, 2012, Respondents filed motions to dismiss the Petition pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. [Dkt. 10, 13.]

## II. Plaintiff Lacks Standing To Challenge Arbitration Award

Section 301 of the Labor Management Relations Act ("LMRA") authorizes suits between employers and labor organizations for contract violations. As a general rule, an employee whose claims are arbitrated under a collective bargaining agreement between a union and employer has no standing to bring an action to vacate the arbitration award, since the employee was not a party to the contract under which the arbitration proceeded. *See, e.g.*, *Andrus v. Convoy Co.*, 480 F.2d 604, 606 (9th Cir. 1973); *Melander v. Hughes Aircraft Co.*, 194 Cal. App. 3d 542, 546 (1987). Accordingly, Plaintiff lacks standing under the LMRA to challenge the arbitration award.

A limited exception to this general rule is found where the employee brings a hybrid claim under Section 301 of the LMRA. To assert a hybrid Section 301 claim, the Petitioner must allege the employer breached the collective bargaining agreement and the union breached its duty of fair representation. *See DelCostello v. Int'l Brotherhood of Teamsters*, 462 U.S. 151, 164 (1983).

Petitioner fails to state a claim for breach of the duty of fair representation. Petitioner's allegations challenge the Union's strategic decisions, such as which witnesses to call, what evidence to present, and what arguments to make. This is insufficient to state a claim for breach of the duty of fair representation, as unions are

entitled to great deference in making arbitration strategy decisions. *See Castelli v. Douglas Aircraft Co.*, 752 F.2d 1480, 1482 (9th Cir. 1985).

### III. Even if Petitioner Has Standing Under the LMRA, He Fails to State a Cognizable Theory for Vacatur of the Arbitration Award.

Federal labor policy strongly favors the resolution of labor disputes through arbitration. Accordingly, judicial review is extremely limited when the parties have agreed to arbitration pursuant to a collective bargaining agreement. *United Paperworkers Int'l Union v. Misco, Inc.*, 484 U.S. 29, 37 (1987). The Ninth Circuit has identified just four grounds for vacating an arbitration award under section 301 of the LMRA: "(1) when the award does not 'draw its essence from the collective bargaining agreement'; (2) when the arbitrator exceeds the scope of the issues submitted; [ ] (3) when the award runs counter to public policy"; and (4) when the award is procured by fraud. *SFIC Props v. Int'l Ass'n of Machinists & Aerospace Workers, Dist. Lodge 94, Local Lodge 311*, 103 F.3d 923, 925 (9th Cir. 1996).

Petitioner has failed to allege any grounds for relief. The Arbitrator's award considered Petitioner's negative test results against Petitioner's admission to drug use and reasonably concluded that UPS must reinstate Petitioner subject to certain conditions contemplated by the parties under Article 35 of the CBA. Petitioner has not sufficiently alleged the award was procured by fraud. Finally, Petitioner's constitutional claims lack merit, as Petitioner was not compelled to testify against himself, and he has not alleged any state action.

For the foregoing reasons, Respondents' motions to dismiss are hereby GRANTED and Petitioner's Petition to Vacate is hereby DISMISSED with Prejudice.

**IT IS SO ORDERED.**

Dated: April 13, 2012

_____
HONORABLE MANUEL L. REAL
UNITED STATES DISTRICT COURT JUDGE